| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| Southern District of New York |
| Case number *(if known)*: _____ Chapter 15 |

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding     12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

**1. Debtor's name**

Kaisa Group Holdings Ltd.

**2. Debtor's unique identifier**

For non-individual debtors:

☐ Federal Employer Identification Number (EIN)  __ __ – __ __ __ __ __ __ __

☑ Other  CT-192502  . Describe identifier  Cayman Islands Company Number

For individual debtors:

☐ Social Security number: xxx – xx– ___ ___ ___ ___

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ___ ___ ___ ___

☐ Other _____ . Describe identifier _____

**3. Name of foreign representative(s)**

Dr. Tam Lai Ling

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

High Court of Hong Kong

**5. Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
        See addendum

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☑ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
☐ Yes

| Debtor | Kaisa Group Holdings Ltd. | Case number (if known)_____ |
|---|---|---|
| | Name | |

| 8. | Others entitled to notice | Attach a list containing the names and addresses of: |
|---|---|---|
| | | (i)   all persons or bodies authorized to administer foreign proceedings of the debtor, |
| | | (ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and |
| | | (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code. |

**9. Addresses**

Country where the debtor has the center of its main interests:

Hong Kong

Debtor's registered office:

Cricket Square, Hutchins Drive
Number        Street

P.O. Box 2681
P.O. Box

Grand Cayman, KY1-1111
City              State/Province/Region      ZIP/Postal Code

Cayman Islands
Country

Individual debtor's habitual residence:

Number        Street

P.O. Box

City              State/Province/Region      ZIP/Postal Code

Country

Address of foreign representative(s):

Two International Finance Centre, 8 Finance Street
Number        Street

Suite 2001, 20th Floor
P.O. Box

Central        Hong Kong
City              State/Province/Region      ZIP/Postal Code

Hong Kong
Country

| 10. | Debtor's website (URL) | www.kaisagroup.com |
|---|---|---|

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

    ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other.  Specify: _____

☐ Individual

Debtor    Kaisa Group Holdings Ltd.
          _____    Case number (if known) _____
          Name

| 12. Why is venue proper in *this district*? | Check one: |
|---|---|

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____        Tam Lai Ling
   Signature of foreign representative        Printed name

Executed on    05/05/2016
               _____
               MM / DD / YYYY

✗ _____        _____
   Signature of foreign representative        Printed name

Executed on    _____
               MM / DD / YYYY

**14. Signature of attorney**

✗ _____    Date    05/05/2016
   Signature of Attorney for foreign representative        MM / DD / YYYY

Mark I. Bane
_____
Printed name

Ropes & Gray LLP
_____
Firm name

1211 Avenue of the Americas
_____
Number        Street

New York                          NY        10036
_____    _____    _____
City                              State        ZIP Code

(212) 596-9000                    mark.bane@ropesgray.com
_____    _____
Contact phone                     Email address

2027498                           NY
_____    _____
Bar number                        State

**<u>Exhibit A</u>**

**(Statements of Foreign Representative Required by Section 1515(c) and Rule 1007(a))**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| KAISA GROUP HOLDINGS LTD., | ) Case No. 16-_____ (       ) |
| | ) |
| Debtor in a Foreign Proceeding. [1] | ) |
| | ) |
| | ) |

**STATEMENTS OF FOREIGN REPRESENTATIVE REQUIRED**
**BY SECTION 1515(C) OF THE BANKRUPTCY CODE AND**
**RULE 1007(A)(4) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Dr. Tam Lai Ling, in his capacity as the authorized representative (the "Foreign Representative") of Kaisa Group Holdings Ltd., a debtor in a foreign proceeding (the "Debtor") pending in Hong Kong (the "Hong Kong Proceeding"), hereby makes the following statements required by section 1515(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

A.  Statement Required by Section 1515(c) of the Bankruptcy Code

There is a foreign proceeding pending in the Grand Court of the Cayman Islands concerning the Debtor (the "Cayman Proceeding"), as described in greater detail in the *Declaration of Dr. Tam Lai Ling in Support of Verified Petition Under Chapter 15 for Recognition Under Bankruptcy Code Section 1517 and Other Related Relief,* filed contemporaneously herewith [ECF No. 3] (the "Tam Declaration").  The Foreign Representative submits that there is no foreign proceeding with respect to the Debtor known to him other than the Hong Kong Proceeding and the Cayman Proceeding.

---

[1] The last four digits of the Cayman Island Company Number Kaisa Group Holdings Ltd. are 2502.  The mailing address of registered office is Cricket Square, Hutchins Drive, P.O. Box 2681, Grand Cayman, KY1-1111, Cayman Islands.

1

B.  <u>All Authorized Administrators of the Debtor in the Hong Kong Proceeding</u>

The foreign representative in the Hong Kong Proceeding is:

<div align="center">

Dr. Tam Lai Ling
Two International Finance Centre, 8 Finance Street
Suite 2001, 20th Floor
Central, Hong Kong

</div>

C.  <u>Litigation Pending in the United States</u>

The Foreign Representative is not aware of any litigation pending in the United States in which the Debtor is a party.

D.  <u>Entities Against Whom Provisional Relief is Sought</u>

The Foreign Representative is not seeking interim relief against any entities under section 1519 of the Bankruptcy Code.

---

**Fill in this information to identify the case and this filing:**

Debtor Name  Kaisa Group Holdings Ltd.

United States Bankruptcy Court for the:  Southern   District of  New York
(State)

Case number *(if known)*: _____

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❑ *Schedule H: Codebtors* (Official Form 206H)
- ❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❑ Amended Schedule _____
- ❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Statements of Foriegn Representative Required by Section 1515(c) of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/05/2016
    MM / DD / YYYY

✗ _____
Signature of individual signing on behalf of debtor

Tam Lai Ling
Printed name

Foreign Representative
Position or relationship to debtor

---

**<u>Exhibit B</u>**

**(Corporate Ownership Statement)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| KAISA GROUP HOLDINGS LTD., | ) | Case No. 16-_____ (       ) |
| | ) | |
| Debtor in a Foreign Proceeding.[1] | ) | |
| | ) | |
| | ) | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

In accordance with Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy

Procedure, Dr. Tam Lai Ling, in his capacity as the duly authorized foreign representative,

certifies that the following corporate entities own 10% or more of any class of the above-

captioned Debtor:

| <u>Name and Address of Equity Holder</u> | <u>Equity Interest</u> |
|---|---|
| Da Chang Investment Company Limited<br>P.O. Box 957<br>Offshore Incorporations Centre, Road Town<br>Tortola, British Virgin Islands | 16.42% |
| Da Feng Investment Company Limited<br>P.O. Box 957<br>Offshore Incorporations Centre, Road Town<br>Tortola, British Virgin Islands | 16.42% |
| Da Zheng Investment Company Limited<br>P.O. Box 957<br>Offshore Incorporations Centre, Road Town<br>Tortola, British Virgin Islands | 16.41% |

---

[1] The last four digits of the Cayman Island Company Number Kaisa Group Holdings Ltd. are 2502.  The mailing address of registered office is Cricket Square, Hutchins Drive, P.O. Box 2681, Grand Cayman, KY1-1111, Cayman Islands.

| Fund Resources Investment Holding Group Company Limited<br>Unit 2905, Far East Finance Centre<br>No. 16 Harcout Road<br>Admiralty, Hong Kong | 17.29% |
| --- | --- |
| Funde Sino Life Insurance Co., Ltd.<br>32nd Floor, The Fifth Tower<br>6003 Yitian Road,  Futian CBD<br>Shenzhen, Guangdong Province, PRC 518048 | 12.65% |

2

<div style="border:1px solid black;">

**Fill in this information to identify the case and this filing:**

Debtor Name **Kaisa Group Holdings Ltd.**

United States Bankruptcy Court for the: **Southern** _____ District of **New York**
(State)

Case number (*if known*): _____

</div>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* ____

❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration __**Corporate Ownership Statement**__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __05/05/2016__      ✗ _____
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

**Tam Lai Ling**
Printed name

**Foreign Representative**
Position or relationship to debtor

R&G Draft 5/4/16

**Exhibit C**

**(Statements of Foreign Representative in Satisfaction of Section 1515(b))**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| KAISA GROUP HOLDINGS LTD., | ) Case No. 16-_____ (       ) |
| | ) |
| Debtor in a Foreign Proceeding.[1] | ) |
| | ) |
| | ) |

**DECLARATION OF FOREIGN REPRESENTATIVE IN**
**SATISFACTION OF SECTION 1515(B) OF THE BANKRUPTCY CODE**

I, Dr. Tam Lai Ling, being duly sworn, state the following under penalty of perjury:

1.      I am a Senior Advisor to Kaisa Group Holdings Ltd. ("Kaisa" or the "Debtor")

and have been in that role since May 2015.  I previously served as an executive director and a

vice chairman of the Debtor's board of directors from March 2010 through December 2014.

2.      On April 28, 2016, the board of directors of Kaisa passed board resolutions that,

among other things, (i) appointed me as the Debtor's legal foreign representative, with specific

powers to individually bind and represent the Debtor, in order to represent the Debtor with

respect to the Debtor's proceeding currently pending in the High Court of Hong Kong (the

"Hong Kong Proceeding"), including for purposes of seeking any relief available to a "foreign

representative," as defined in section 101 of title 11 of the United States Code, under chapter 15

of title 11 of the United States Code (a "Chapter 15 Proceedings") or other applicable law and

(ii) authorized me to act as the Debtor's agent in seeking any relief available to a foreign

representative in these Chapter 15 Proceedings.

---

[1] The last four digits of the Cayman Island Company Number Kaisa Group Holdings Ltd. are 2502.  The mailing address of registered office is Cricket Square, Hutchins Drive, P.O. Box 2681, Grand Cayman, KY1-1111, Cayman Islands.

56232445_4

3.      In satisfaction of the requirement in 11 U.S.C. § 1515(b)(3), attached hereto as Annex A is a copy of such board resolutions (the "Board Resolutions"), which evidence my appointment as the Debtor's "foreign representative."

4.      On or about March 24, 2016, the Debtor filed an *Ex-Parte Originating Summons* seeking orders convening a meeting to consider and, if thought fit, approve a scheme of arrangement in respect of the Debtor (the "Hong Kong Scheme").

5.      Upon a hearing held before the High Court of Hong Kong Special Administrative Region (the "Hong Kong Court"), on April 19, 2016 the Hong Kong Court entered an order that, among other things, authorized Kaisa to convene a meeting of creditors of the Debtor whose claims would be affected by the Hong Kong Scheme (the "Hong Kong Convening Order") to consider and, if thought fit, to approve the Hong Kong Scheme.

6.      Pursuant to the requirement of 11 U.S.C. § 1515(b)(1), attached hereto as Annex B is a certified copy of the Hong Kong Convening Order.

2

## Annex A

**(Kaisa's Board Resolutions)**

**KAISA GROUP HOLDINGS LTD. ("COMPANY")**

佳兆業集團控股有限公司\*

*(incorporated in the Cayman Islands with limited liability)*

**WRITTEN RESOLUTIONS OF ALL OF THE DIRECTORS OF THE COMPANY** passed pursuant to the Articles of Association of the Company

_____

## 1.      Background

1.1      The Company is promoting linked and inter-conditional schemes of arrangement with its creditors under sections 670-674 of the Hong Kong Companies Ordinance (cap 622 of the laws of Hong Kong) ("HK Companies Ordinance") ("Hong Kong Scheme") and under section 86 of the Cayman Islands Companies Law (2013 Revision) ("Companies Law") ("Cayman Scheme") (the Hong Kong Scheme and the Cayman Scheme are collectively the "Schemes").

1.2      In order to finance its operations, the Company obtained financing from PRC and offshore sources. The offshore financing included the issuance of certain notes ("Existing HY Notes"). The Existing HY Notes are governed by the laws of New York.

1.3      The Company intends to request from the Southern District of New York Bankruptcy Court ("Bankruptcy Court") an order recognizing the compromise and arrangement set out in the Hong Kong Scheme sanctioned by the High Court of Hong Kong SAR. As the Schemes will be linked and inter-conditional, recognition of the Hong Kong Scheme will have the indirect effect of recognizing the Cayman Scheme.

## 2.      Declaration of interests

2.1      Each Director by his signature confirms that he has disclosed all of his interests in the Schemes and all matters in these written resolutions.

2.2      As at the date of the written Resolutions contemplated herein, to the best of the Directors' knowledge, having made all reasonable enquiry, the following Directors have an interest in the Schemes, by virtue of the legal and beneficial interest in the shares or share options of the Company:

| Name of Director | Capacity | Shares and underlying shares (under the share option scheme adopted by the Company) of the Company | Approximate percentage of the issued share capital of the Company |
| --- | --- | --- | --- |

_____

\* *For identification purpose only*

| | | | |
|---|---|---|---|
| *KWOK Ying Shing* | *Beneficial Owner* | *843,065,378* | *16.42* |
| ***Other Directors*** | | | |
| *SUN Yuenan* | *Beneficial Owner* | *20,020,000* | *0.39* |
| *ZHENG Yi* | *Beneficial Owner* | *588,000* | *0.01* |
| *YU Jianqing* | *Beneficial Owner* | *5,400,000* | *0.11* |
| *ZHANG Yizhao* | *Beneficial Owner* | *1,000,000* | *0.02* |
| *RAO Yong* | *Beneficial Owner* | *1,000,000* | *0.02* |

## 3.      Resolutions

3.1      Section 101(24) of the Bankruptcy Code defines a "foreign representative" as a "person or body… authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."

3.2      The undersigned, being all the Directors of the Company, **HEREBY UNANIMOUSLY PASS THE FOLLOWING WRITTEN RESOLUTIONS:**

### 3.2.1   Appointment of Authorized Representative

(a)      **THAT** the appointment, for a one-year period beginning as of the date hereof, of Dr. Tam, Lai Ling, a permanent resident of Hong Kong SAR, Senior Advisor to the Company, with professional address at Suite 2001, 20th Floor, Two International Finance Centre, 8 Finance Street, Central, Hong Kong ("Authorized Representative") as the Company's legal foreign representative, for the Company and in its name, place and stead, with specific powers to individually bind and represent the Company and any of its subsidiaries, in order to represent the Company and any of its subsidiaries with respect to judicial reorganization proceedings before the competent court (a) pursuant to sections 670 to 674 of the HK Companies Ordinance (the "Hong Kong Proceeding") and (b) pursuant to section 86 of the Companies Law (2013 Revision) and under the laws of the Cayman Islands (the "Cayman Proceeding"), including for purposes of seeking any relief available to a "foreign representative" (as defined in section 101 of title 11 of the United States Code) under chapter 15 ("Chapter 15") of title 11 of the United States Code (a "Chapter 15 Proceedings") or other applicable law is authorized; and

(b)      **THAT** the Authorized Representative is authorized to act as the Company's agent in seeking any relief available to a "foreign representative" in the Chapter 15 Proceedings.

(c)      **THAT** the Authorized Representative is authorized and empowered to execute and verify or certify a petition under Chapter 15 on behalf of, and in the name of, the Company, and to cause the same to be filed in the Bankruptcy Court in such form or forms as such Authorized Representative may approve.

54949536_6

(d)   **THAT** the Authorized Representative is authorized and empowered to retain and employ on his own behalf in his capacity as Foreign Representative, at the expense of the Company, the law firm of Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, in connection with pursuing the Chapter 15 Proceedings as the "foreign representative."

(e)   **THAT** the Authorized Representative is authorized to execute and file any and all petitions, schedules, motions, lists, applications, pleadings, declarations and other papers, and to take any and all further actions which the Authorized Representative or the Company's legal counsel may deem necessary or appropriate to file the voluntary petition for relief under Chapter 15, and to take and perform any and all further acts and deeds which any of them deem necessary, proper or desirable in connection with the Chapter 15 Proceedings, with a view to the successful resolution of such case.

(f)   **THAT** the Authorized Representative is hereby authorized and directed to, on behalf of the Company, take such actions and to make, sign, execute, acknowledge, and deliver all such additional documents, agreements, and certificates as may be reasonably required to give effect to the consummation of the transactions contemplated by these Resolutions and any orders entered in the Chapter 15 Proceedings, and to execute and deliver such documents, agreements, and certificates, and to fully perform the terms and provisions thereof.

### 3.2.2   Ratification of Prior Actions

**THAT** actions or steps taken with regard to any of the foregoing matters that have been done on or before the date of these Resolutions are hereby adopted, ratified, confirmed and approved in all respects as if such actions had been presented for approval, and approved by, the Directors prior to such actions or steps having been taken.

54949536_6

4.      **Counterparts**

These Resolutions may be signed in counterparts, and if so signed, shall take effect on the latest date on any counterpart.


Name: Mr. Kwok Ying Shing
Title: Director
Date:

Name: Mr. Sun Yuenan
Title: Director
Date:


Name: Mr. Zheng Yi
Title: Director
Date:

Name: Mr. Yu Jianqing
Title: Director
Date:


Name: Mr. Lei Fugui
Title: Director
Date:

Name: Mr. Chen Shaohuan
Title: Director
Date:


Name: Mr. Zhang Yizhao
Title: Director
Date:

Name: Mr. Rao Yong
Title: Director
Date:

4

4.     **Counterparts**

These Resolutions may be signed in counterparts, and if so signed, shall take effect on the
latest date on any counterpart.

Name: Mr. Kwok Ying Shing
Title: Director
Date:

Name: Mr. Sun Yuenan
Title: Director
Date:

Name: Mr. Zheng Yi
Title: Director
Date:

Name: Mr. Yu Jianqing
Title: Director
Date:

Name: Mr. Lei Fugui
Title: Director
Date:

Name: Mr. Chen Shaohuan
Title: Director
Date:

Name: Mr. Zhang Yizhao
Title: Director
Date:

Name: Mr. Rao Yong
Title: Director
Date:

4

4.   **Counterparts**

These Resolutions may be signed in counterparts, and if so signed, shall take effect on the latest date on any counterpart.

Name: Mr. Kwok Ying Shing
Title: Director
Date: ·

Name: Mr. Sun Yuenan
Title: Director
Date:

Name: Mr. Zheng Yi
Title: Director
Date:

Name: Mr. Yu Jianqing
Title: Director
Date:

Name: Mr. Lei Fugui
Title: Director
Date:

Name: Mr. Chen Shaohuan
Title: Director
Date:

Name: Mr. Zhang Yizhao
Title: Director
Date:

Name: Mr. Rao Yong
Title: Director
Date:

4

4.    **Counterparts**

These Resolutions may be signed in counterparts, and if so signed, shall take effect on the latest date on any counterpart.

_____

Name: Mr. Kwok Ying Shing
Title: Director
Date:

_____

Name: Mr. Sun Yuenan
Title: Director
Date:

_____

Name: Mr. Zheng Yi
Title: Director
Date:

_____

Name: Mr. Yu Jianqing
Title: Director
Date:

_____

Name: Mr. Lei Fugui
Title: Director
Date:

_____

Name: Mr. Chen Shaohuan
Title: Director
Date:

_____

Name: Mr. Zhang Yizhao
Title: Director
Date:

_____

Name: Mr. Rao Yong
Title: Director
Date:

4

4.    **Counterparts**

These Resolutions may be signed in counterparts, and if so signed, shall take effect on the latest date on any counterpart.

Name: Mr. Kwok Ying Shing
Title: Director
Date:

Name: Mr. Sun Yuenan
Title: Director
Date:

Name: Mr. Zheng Yi
Title: Director
Date:

Name: Mr. Yu Jianqing
Title: Director
Date:

Name: Mr. Lei Fugui
Title: Director
Date:

Name: Mr. Chen Shaohuan
Title: Director
Date:

Name: Mr. Zhang Yizhao
Title: Director
Date:

Name: Mr. Rao Yong
Title: Director
Date:

4

4.    **Counterparts**

These Resolutions may be signed in counterparts, and if so signed, shall take effect on the latest date on any counterpart.

---

Name: Mr. Kwok Ying Shing
Title: Director
Date:

---

Name: Mr. Sun Yuenan
Title: Director
Date:

---

Name: Mr. Zheng Yi
Title: Director
Date:

---

Name: Mr. Yu Jianqing
Title: Director
Date:

---

Name: Mr. Lei Fugui
Title: Director
Date:

---

Name: Mr. Chen Shaohuan
Title: Director
Date:

---

Name: Mr. Zhang Yizhao
Title: Director
Date:

---

Name: Mr. Rao Yong
Title: Director
Date:

4

## **Annex B**

**(Order Initiating Hong Kong Proceeding)**

HCMP 708 / 2016

**IN THE HIGH COURT OF THE**

**HONG KONG SPECIAL ADMINISTRATIVE REGION**

**COURT OF FIRST INSTANCE**

**MISCELLANEOUS PROCEEDINGS NO. 708 OF 2016**

———————



IN THE MATTER OF

KAISA GROUP HOLDINGS LTD.

and

IN THE MATTER OF SECTIONS 670 TO 674 OF THE COMPANIES ORDINANCE (CAP. 622)

———————

**BEFORE THE HONOURABLE MR JUSTICE HARRIS IN CHAMBERS**

———————————

**ORDER**

———————————

UPON THE APPLICATION by way of Ex-Parte Originating Summons filed herein on 24 March 2016, seeking orders convening a meeting to consider and if thought fit approve a scheme of arrangement in respect of Kaisa Group Holdings Ltd (the "**Company**") (the "**Scheme**") in the form exhibited to the Second Affirmation of Kwok Ying Shing filed on 13 April 2016

AND UPON HEARING Counsel for the Company

AND UPON READING the First Affirmation of Kwok Ying Shing filed on 24 March 2016 and the exhibits referred thereto ("**Kwok 1**"), the First Affidavit of Angela J Somers filed on 19 April 2016 together with the exhibits referred thereto, the Affidavit of Lewis S Hunte QC filed on 19 April 2016 together with the exhibits referred thereto and the Second Affirmation of Kwok Ying Shing filed on 13 April 2016 together with the exhibits referred thereto ("**Kwok 2**")

AND UPON the basis that all capitalised terms not otherwise defined in this Order shall have the meaning given to them in the explanatory statement for the Scheme exhibited to Kwok 2 as KYS-7 (the "**Explanatory Statement**")

IT IS ORDERED that:

(1)  A meeting of the Scheme Creditors of the Company (the "**Scheme Meeting**") (at which Scheme Creditors shall attend in person or by proxy) shall be held at the offices of Ropes & Gray at 41st Floor, One Exchange Square, 8 Connaught Place, Central, Hong Kong, with a telephone dial-in facility and a connection via video-link to the Cayman Islands at the office of Harneys at 4th Floor, Harbour Place, 103 South Church Street, PO Box 10240, Grand Cayman, Cayman Islands, KY1-10002 on 20 May 2016 for the purpose of considering and, if thought fit, approving, with or without modification, the scheme pursuant to Section 673 of the Companies Ordinance (Cap. 622).

(2)  The Company shall give Scheme Creditors no less than 21 days' notice of the Scheme Meeting;

(3)  Notice of the Scheme Meeting shall be substantially in the form set out Schedule 1 herein (the "**Notice of Meeting**").

(4)  The Notice of Meeting shall be circulated to Scheme Creditors:

(a)  By notice on the Scheme Website (www.lucid-is.com/kaisa);

(b)  By a corporate action notification through the Clearing Systems; and

(c)  By notice via electronic mail to each person who the Company believes may be a Scheme Creditor for whom the Company has a valid email address.

(5)  When providing the Notice of Meeting, the Company shall provide a link to enable the Scheme Creditors to access electronic copies of the following documents:

(a)  The Scheme (substantially in the form set out at Appendix 6 of the Explanatory Statement);

(b)  The Explanatory Statement (substantially in the form exhibited to Kwok 2 as KSY-7); and

(c)  The Instruction Packet being instructions as to the registration of claim and voting procedures (substantially in the form set out at Appendix 2 of the Explanatory Statement).

(6)     Not less than 21 days before the Hong Kong Scheme Meeting, the Company shall place an advertisement substantially in the form set out in Schedule 2 herein in the following publications:

   (a)     Cayman Compass;
   (b)     South China Morning Post;
   (c)     Hong Kong Economic Times; and
   (d)     Wall Street Journal (International Edition).

(7)     The Company shall give instructions and guidance for voting at the Scheme Meetings set out in the Instruction Packet (substantially in the form as set out in Appendix 2 to the Explanatory Statement).

(8)     The Chairperson for the Scheme Meetings shall be Brandon Gale of Houlihan or such other person as approved by the Court;

(9)     The Chairperson shall report the result of the Scheme Meetings to this Honourable Court by 27 May 2016;

(10)    The hearing, at which this Honourable Court will determine whether or not to sanction the Hong Kong Scheme shall be heard on 10 June 2016 at 2:30 pm before the Honourable Mr Justice Harris;

(11)    There shall be liberty to apply generally; and

(12)    Costs in the application be reserved.

DATED the 19th day of April 2016

Registrar

**SCHEDULE 1**

HCMP 708 / 2016

**IN THE HIGH COURT OF THE**

**HONG KONG SPECIAL ADMINISTRATIVE REGION**

**COURT OF FIRST INSTANCE**

**MISCELLANEOUS PROCEEDINGS NO. 708 OF 2016**

---

IN THE MATTER OF

KAISA GROUP HOLDINGS LTD.

and

IN THE MATTER OF SECTIONS 670 TO 674 OF THE COMPANIES ORDINANCE (CAP. 622)

---

**NOTICE OF CREDITORS' SCHEME MEETING**

---

Terms used in this Notice have the same meanings as in the explanatory statement (the "**Explanatory Statement**") relating to the proposed scheme of arrangement under sections 670 to 674 of the Companies Ordinance (Cap. 622) of Hong Kong between Kaisa Group Holdings Ltd (the "**Company**") and the Scheme Creditors (the "**Hong Kong Scheme**").

**NOTICE IS HEREBY GIVEN** that, by an Order dated 19 April 2016, the High Court of Hong Kong has directed that a meeting of Scheme Creditors (the "**HK Scheme Meeting**") of the Company be convened for the purpose of considering and, if thought fit, approving with or without modification the Hong Kong Scheme.

The HK Scheme Meeting will be held at the offices of Ropes & Gray at 41st Floor (where Scheme Creditors shall attend in person or by proxy), One Exchange Square, 8 Connaught Place Central, Hong Kong, with a telephone dial-in facility and a connection via video-link to the Cayman Islands at the office of Harneys at 4th Floor, Harbour Place, 103 South Church Street, PO Box 10240, Grand Cayman, Cayman Islands, KY1-10002 on 20 May 2016 and will commence at 9:30pm (Hong Kong time). All Scheme Creditors are requested to attend the HK Scheme Meeting at such place and time either in person, by a duly authorised representative (if a corporation), or by proxy.

Scheme Creditors may vote in person, by a duly authorised representative or by proxy to vote in their place. Scheme Creditors may appoint proxies to vote at the HK Scheme Meeting by filling out Part 3 of the relevant Account Holder Letter (the "**Proxy Instructions**"). Scheme Creditors

may appoint proxies to vote at the HK Scheme Meeting by filling out Box 1 or Box 2 of the Proxy Instructions.

To avoid double counting, the Company understands that each of the Existing Notes Trustee and CB Trustee (together as "**Trustees**") will not exercise any voting rights at the HK Scheme Meeting in respect of the Existing HY Notes or Convertible Bonds unless instructed to do so in accordance with the Existing Indentures or CB Trust Deed, as applicable.

Each Scheme Creditor or its proxy will be required to register its attendance at the HK Scheme Meeting prior to the commencement of the HK Scheme Meeting. Registration in respect of the HK Scheme meeting will commence no later than one hour before the scheduled start time of 9:30pm (Hong Kong time) on the date of the HK Scheme Meeting and each Scheme Creditor and proxy must be registered prior to the commencement of the meeting.

Each Scheme Creditor that is not a proxy must bring to the HK Scheme Meeting a copy of the relevant Account Holder Letter, evidence of corporate authority (in the case of a corporation) (for example, a valid power of attorney and/or board minutes) and evidence of personal identity (being a valid original passport or other original government-issued photographic identification). Each proxy must bring to the HK Scheme Meeting a copy of the relevant Account Holder Letter of the Scheme Creditor including the Proxy Instructions authorizing him or her to act as proxy on behalf of the Scheme Creditor and evidence of personal identity (being a valid original passport or other original government-issued photographic identification).

In order to vote on the Hong Kong Scheme and attend the HK Scheme Meeting (in person, by duly authorised representative, if a corporation, or by proxy), a Scheme Creditor must ensure that the relevant Account Holder Letter is completed and lodged with the Information Agent (marked for the attention of Sunjeeve Patel / David Shilson) in accordance with the instructions set out in the relevant Account Holder Letter and Instruction Packet and a Scheme Creditor must ensure that a Proxy Instruction is completed and lodged with the Information Agent in accordance with the instructions set out in the relevant Account Holder Letter and Instruction Packet by no later than 18 May 2016 at 10:00pm (Hong Kong time).

Copies of the Hong Kong Scheme, the Explanatory Statement and the Instruction Packet (this will include the Account Holder Letters) are available to download from the Scheme Website (www.lucid-is.com/kaisa) subject to entering a valid password. Passwords may be obtained by contacting the Information Agent (Attention: Sunjeeve Patel / David Shilson at kaisa@lucid-is.com).

By the same Order, the Court appointed Mr Brandon Gale of Houlihan or failing him, such other person as approved by the Court to act as Chairperson of the said meeting and directed the Chairperson to report the results of the HK Scheme Meeting to the Court.

The Hong Kong Scheme will be subject to the subsequent approval of the Court.

For further information please contact:

> (1) the Information Agent on +44 20 7704 0880 or by email to Kaisa@lucid-is.com; or

> (2) the Chairperson on +852 3551 2300 or by email to projectkite@hl.com.

Dated: [*]

_____

[*]
**Director**
**for and on behalf of Kaisa Group Holdings Limited**

**SCHEDULE 2**

IN THE HIGH COURT OF THE

HONG KONG SPECIAL ADMINISTRATIVE REGION

COURT OF FIRST INSTANCE

MISCELLANEOUS PROCEEDINGS NO. 708 OF 2016

———————

IN THE MATTER OF

KAISA GROUP HOLDINGS LTD.

and

IN THE MATTER OF SECTIONS 670 TO 674 OF THE COMPANIES ORDINANCE

(CAP. 622)

———————

Terms used in this Notice have the same meanings as in the explanatory statement (the "**Explanatory Statement**") relating to the proposed scheme of arrangement under sections 670 to 674 of the Companies Ordinance (Cap. 622) of Hong Kong between Kaisa Group Holdings Ltd (the "**Company**") and the Scheme Creditors (the "**Hong Kong Scheme**").

**NOTICE IS HEREBY GIVEN** that, by an Order dated 19 April 2016, the High Court of Hong Kong, the High Court has directed that a meeting of Scheme Creditors (the "**HK Scheme Meeting**") of the Company be convened for the purpose of considering and, if thought fit, approving with or without the Hong Kong Scheme.

The HK Scheme Meeting will be held at the offices of Ropes & Gray at 41st Floor (where Scheme Creditors shall attend in person or by proxy), One Exchange Square 8 Connaught Place Central, Hong Kong, with a telephone dial-in facility and a connection via video-link to the Cayman Islands at the office of Harneys at 4th Floor, Harbour Place, 103 South Church Street, PO Box 10240, Grand Cayman, Cayman Islands, KY1-10002 on 20 May 2016 and will commence at 9:30pm (Hong Kong time). All Scheme Creditors are requested to attend the HK Scheme Meeting at such place and time either in person, by a duly authorised representative (if a corporation), or by proxy.

Scheme Creditors may vote in person, by a duly authorised representative or by proxy to vote in their place. Scheme Creditors may appoint proxies to vote at the Scheme Meeting by filling out Part 3 of the relevant Account Holder Letter (the "**Proxy Instructions**"). Scheme Creditors may appoint proxies to vote at the HK Scheme Meeting by filling out Box 1 or Box 2 of Proxy Instructions.

To avoid double counting, the Company understands that each of the Existing Note Trustee and CB Trustee (together as "**Trustees**") will not exercise any voting rights at the HK

Scheme Meeting in respect of the Existing HY Notes or Convertible Bonds unless instructed to do so in accordance with the Existing Indentures or CB Trust Deed, as applicable.

Each Scheme Creditor or its proxy will be required to register its attendance at the HK Scheme Meeting prior to the commencement of the HK Scheme Meeting. Registration will commence no later than one hour before the scheduled start time of 9:30pm (Hong Kong time) on the date of the HK Scheme Meeting and each Scheme Creditor and proxy must be registered prior to the commencement of the meeting.

Each Scheme Creditor that is not a proxy must bring to the HK Scheme Meeting a copy of the relevant Account Holder Letter, evidence of corporate authority (in the case of a corporation) (for example, a valid power of attorney and/or board minutes) and evidence of personal identity (being a valid original passport or other original government-issued photographic identification). Each proxy must bring to the HK Scheme Meeting a copy of the relevant Account Holder Letter of the Scheme Creditor including Proxy Instructions authorizing him or her to act as proxy on behalf of the Scheme Creditor and evidence of personal identity (being a valid original passport or other original government-issued photographic identification).

In order to vote on the Hong Kong Scheme and attend the HK Scheme Meeting (in person, by duly authorised representative, if a corporation, or by proxy), a Scheme Creditor must ensure that the relevant Account Holder Letter is completed and lodged with the Information Agent (marked for the attention of Sunjeeve Patel / David Shilson) in accordance with the instructions set out in the relevant Account Holder Letter and Instruction Packet and a Scheme Creditor must ensure that a Proxy Instruction is completed and lodged with the Information Agent in accordance with the instructions set out in the relevant Account Holder Letter and Information Packet by no later than 18 May 2016 at 10:00pm.

Copies of the Hong Kong Scheme, the Explanatory Statement and the Instruction Packet (this will include the Account Holder Letters) are available to download from the Scheme Website (www.lucid-is.com/kaisa) subject to entering a valid password. Passwords may be obtained by contacting the Information Agent (Attention: Sunjeeve Patel / David Shilson at kaisa@lucid-is.com).

By the same Order, the Court appointed Mr Brandon Gale of Houlihan or, failing him, such other person as approved by the Court to act as Chairperson of the said meeting and directed the Chairperson to report the results of the HK Scheme Meeting to the Court.

The Hong Kong Scheme will be subject to the subsequent approval of the Court.

For further information please contact:

(1) the Information Agent on +44 20 7704 0880 or by email to Kaisa@lucid-is.com; or

(2) the Chairperson on +852 3551 2300 or by email to projectkite@hl.com.

Dated: [•]

HCMP 708 / 2016

## IN THE HIGH COURT OF THE

## HONG KONG SPECIAL ADMINISTRATIVE REGION

## COURT OF FIRST INSTANCE

## MISCELLANEOUS PROCEEDINGS NO. 708 OF 2016

---

IN THE MATTER OF

KAISA GROUP HOLDINGS LTD.

and

IN THE MATTER OF SECTIONS 670 TO 674 OF THE

COMPANIES ORDINANCE (CAP. 622)

---

---

## ORDER

---

Dated the 19th day of April 2016

Filed on the 2 1 APR 2016 of April 2016

Served on the        day of April 2016

**Tanner De Witt**
**Solicitors of the Company**
1806, Tower Two
Lippo Centre
89 Queensway
Hong Kong

Tel: 2573 5000
Fax: 2802 3553

Ref: 1500604/RDD/ECL/RAH/TA

```
Fill in this information to identify the case and this filing:

Debtor Name    Kaisa Group Holdings Ltd.
United States Bankruptcy Court for the:  Southern      District of  New York
                                                                       (State)
Case number (if known):  _____
```

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❑ *Schedule H: Codebtors* (Official Form 206H)
- ❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❑ Amended *Schedule* ____
- ❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Declaration of Foreign Representative in Satisfaction of Section 1515(b) of the Bankruptcy Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/05/2016       ✗ _____
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                  Tam Lai Ling
                                  Printed name

                                  Foreign Representative
                                  Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors